## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN E. JONES, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 10-628-LPS |
| | : | |
| AIR LIQUIDE, | : | |
| | : | |
| Defendant. | : | |

Kevin E. Jones, Sr., Bear, Delaware, Pro Se Plaintiff.

Laurence V. Cronin, Esquire, Smith, Katzenstein & Jenkins LLP, Wilmington, Delaware and
Kristine Grady Derewicz, Esquire, Littler Mendelson, P.C., Philadelphia, Pennsylvania. Counsel for
Defendant.


## MEMORANDUM OPINION


September 26, 2016
Wilmington, Delaware

.

STARK, U.S. District Judge:

## I.      INTRODUCTION

Plaintiff  Kevin E. Jones, Sr. ("Jones") filed this employment discrimination case on July 26,

2010. (D.I. 2)  He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4)

Pending is Defendant Air Liquide's ("Air Liquide") motion to dismiss for failure to prosecute,

opposed by Jones. (D.I. 34, 44)   The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  For the

reasons that follow, the Court will grant the motion.

## II.     BACKGROUND

Jones commenced this action on July 26, 2010.  Defendant was served and answered the

complaint on February 14, 2011. (D.I. 8)  In the meantime, service was attempted on the now-

dismissed Defendant Franklin Company ("Franklin").[1] (D.I. 5, 7, 13, 14, 15, 16, 17, 26)   On

October 8, 2014, Jones filed a "motion of reason to show cause" (D.I. 27) seeking to have Air

Liquide serve Franklin.  Jones believed that Air Liquide had a duty to serve the complaint upon

Franklin.  A year passed and Franklin was not properly served.  It was dismissed as a defendant on

---

[1]Because Jones proceeds *pro se* and was granted leave to proceed *in forma pauperis*, the United States Marshals Service ("USMS") attempted service on Franklin. (*See* D.I. 5, 7)  When Franklin did not waive service of summons and process and Jones failed to request issuance of summons for personal service, the Court issued a show cause order why Franklin should not be dismissed. Following Jones's response (D.I. 12), he was given an additional sixty days to effect service and to provide service documents so that the USMS could attempt personal service. (*See* D.I. 13) However, rather than allowing the USMS to serve Franklin, as set forth in 28 U.S.C. § 1915(d), Jones advised staff in the Clerk's Office that he intended to effect service upon Franklin pursuant to Fed. R. Civ. P. 4 without the assistance of the USMS. (*See* Sept. 23, 2011 Court Docket Staff Notes) Jones proceeded to personally serve Franklin in derogation of Fed. R. Civ. P. 4( c )(2) ("any person who is at least 18 years old and not a party may serve a summons and complaint.").  In addition, he did not comply with Fed. R. Civ. P. 4(e) and 4(h), 8 Del. C. §§ 321(a), 321(c), 10 Del. C. § 3111, and Delaware Superior Court Rule of Civil Procedure 4(f)( I ) or (III) in attempting to serve Franklin. (*See* D.I. 26)  On August 8, 2014, Jones was given one final opportunity to effect service of process on Franklin utilizing the USMS. (*See* D.I. 26 at 5)  Subsequent to the August 8, 2014 Order, Jones made no attempts to provide documents so that the USMS could personally serve Franklin, and Franklin was ultimately dismissed as a defendant on August 10, 2015. (*See* D.I. 31)

August 10, 2015. (D.I. 31)  On the same day, the Court entered a scheduling and discovery order that provided a discovery deadline of March 10, 2016 and a dispositive motion deadline of April 11, 2016. (*See id.*)

On October 6, 2015, Air Liquide filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) and D. Del LR 41.1. (D.I. 35)  Jones did not file a response to the motion. Instead, a week later, on October 13, 2015, he filed a notice of appeal of the August 10, 2015 Order that dismissed Franklin as a defendant. (D.I. 37)  On February 19, 2016, the appeal was dismissed for lack of appellate jurisdiction. *See Jones v. Air Liquide*, C.A. No. 15-3532 (3d. Cir. Feb. 19, 2016).  On April 4, 2016, Air Liquide asked the Court to rule on its motion to dismiss and, on the same day, Jones filed a response to the motion. (D.I. 43, 44)

## III.   LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ."  Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Under Local Rule 41.1, in a case pending wherein no action has been taken for a period of three months, upon application of any party, and after reasonable notice and opportunity to be heard, the Court may enter an order dismissing the case unless good reason for the inaction is given. *See* D. Del. LR 41.1.

The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

2

entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense.  *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  The Court must balance the factors and need not find that all of them weigh against Jones in order to dismiss the action.  *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).  Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of *Poulis* factors are not satisfied.  *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998).

## IV.    DISCUSSION

Air Liquide moves for dismissal on the following grounds: (1) as a *pro se* plaintiff, Jones is personally responsible for the lack of prosecution of his litigation; (2) Air Liquide is prejudiced by Jones' failure as the litigation stretches on and witnesses' memories fade; (3) Jones has a history of dilatoriness in that he has never sought discovery in this case, failed to serve putative defendant Franklin, and did not respond to the Court's order for a status report; (4) sanctions other than dismissal will not be effective as Jones is *pro se* and *in forma pauperis*; and (5) Jones' claims are not meritorious.  (D.I. 35)  Jones opposes the motion and asks the Court to take judicial notice of manifest errors on docket entries D.I. 1 through 17, contends that Franklin was served by certified mail on September 30, 2011, and argues that the Court dismissed Franklin even after it had not responded to the summons and complaint.  (D.I. 44)  The Court notes that Jones' opposition speaks only to the issue of service of process on Franklin, with no response to the grounds raised by Air Liquide to dismiss for lack of prosecution.

The Court finds that the *Poulis* factors warrant dismissal of Jones' case.  First, as a *pro se* litigant, Jones is solely responsible for prosecuting his claim.  *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992).  Second, Air Liquide is prejudiced by Jones' failure to prosecute.  Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for

trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Jones failed to proceed with discovery and the discovery deadline now passed.

As to the third factor, the Court docket indicates a history of dilatoriness. On August 30, 2013, the parties were ordered to provide the Court with a status report on or before September 9, 2013. (See D.I. 20) Jones failed to do so. Instead he filed a request for default on September 9, 2013. (*See* D.I. 24) Jones took no action in this case from October 8, 2014, when he filed a motion for order to show cause and notice of motion (D.I. 27, 28) until October 13, 2015, when he filed a notice of appeal (D.I. 37) of the order dismissing Franklin as a defendant. In addition, Jones took no action against Air Liquide from October 8, 2014 when he filed the motion for an order to show cause (D.I. 27) until April 4, 2016 when he filed a late response to the motion to dismiss (D.I. 44) In addition, Jones did not respond to Air Liquide's October 6, 2015 motion to dismiss until April 4, 2016. Nor did Jones request an extension of time to file his late response. Also, there is no indication on the docket that Jones sought discovery from Air Liquide, and he has not moved for an extension of time to complete discovery. Finally, while Jones filed what he calls a response to Air Liquide's motion to dismiss, the response does not speak to the issue of dismissal for failure to prosecute but, instead, dwells on whether Franklin was served with process.

As to the fourth factor, the facts to date lead to a conclusion that Jones' failure to prosecute his claim against Air Liquid is willful or in bad faith. Only Jones can take steps to prosecute the case against Air Liquide.

As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Precluding Jones from presenting evidence at trial would have the same effect as dismissal. For the same reason, granting summary judgment in favor of Air Liquide or forbidding Jones from pursuing discovery would have the same effect as dismissal. Finally, a monetary sanction is ineffective inasmuch as Jones proceeds *in forma pauperis.*

4

While the Court finds the sixth factor, the merits of the claim, neutral, it is cognizant of the fact that the State of Delaware Department of Labor issued a no-cause determination when it dismissed the action, and stated that "[e]vidence and witnesses from both parties simply does not indicate that race was ever [a] factor in any of [Air Liquide's] decision." (*See* D.I. 2 at Ex. A)  The Court finds the *Poulis* factors weigh in favor of dismissal.

## V. CONCLUSION

The Court will grant Air Liquide's motion to dismiss pursuant to Fed. R. Civ. P. 41(b) and D. Del LR 41.1.  (D.I. 34)

An appropriate Order will be entered.